THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LAGUNA, Defendant and Appellant.

No. 14923. Argued December 1, 1950.—Decided January 16, 1951.

*José R. Fournier* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

On October 6, 1949 a Health inspector seized a container with milk at the milk stand of Pedro Alvarez, which was sealed and had a label affixed thereto bearing the name of José Laguna, owner of the dairy from where the product came, the license number of said dairy and the grade of the milk. After the seal was broken and samples were taken, it appeared from the analysis that the product was adulterated with water. José Laguna was accused of the offense of adulteration of milk. He denied liability and introduced evidence tending to prove that the milk in question came from the dairy of Rafael Torrech Genovés. An employee of Pedro Alvarez testified to the effect that on said day he took the container with the milk from the Torrech dairy; that as Torrech had no labels, when he arrived at Laguna's farm to receive the milk from his dairy, he asked for a label to affix it on the container from Torrech's; that Laguna told him to take it and the witness did so. The label had the name of Laguna, the license number, etc., and he affixed it to the container. Torrech substantially testified that he was the owner of a dairy, that he sold milk to Pedro Alvarez and that he had no seals or labels; that he sent the milk to Alvarez without seals or labels and that somebody must have affixed them to the container.

Based on this evidence the court *a quo* declared Laguna guilty and sentenced him for the offense charged. The only question for decision is whether under the attendant circumstances the court erred in not acquitting defendant.

Health Rule No. 96, as amended by No. 105, promulgated on October 22, 1937 provides in § 49:

"The containers to which the previous Section refers must close hermetically and have labels or signs affixed which clearly indicate the grade of the milk, the name of the distributor or the establishment from which it comes; its address and the corresponding number of the license. . ."

The purpose of this Section in requiring that the containers carrying the milk bear a label with the name of the owner of the dairy from which it comes, the number of its license, etc., is none other than to identify with accuracy the person liable for any violation of the Act or Health Rule in connection with said product. Consequently, when Laguna permitted that the milk from another dairy be identified as coming from his, he assumed the liability for any violation which might be committed in connection with the product and he can not allege now that the milk did not come from his dairy. *People* v. *González*, 63 P.R.R. 138. This is so when as in the present case criminal intent was not an essential element of the offense involved herein. *People* v. *Calderón*, 17 P.R.R. 459. Consequently, the lower court did not commit the error assigned.

The judgment will be affirmed.

Mr. Justice Snyder did not participate herein.